UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEADOWBROOK HOUSING PARTNERS, LP,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MAVIS THOMPSON and SHAKAIJAH CALVIN,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23-CV-1592 TWR (KSC)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>(ECF No. 1) |

On September 5, 2023, the Court ordered Defendant Aadhya Ali El[1] to show cause why this action should not be remanded to the Superior Court of California, County of San Diego, for lack of subject-matter jurisdiction. (*See* ECF No. 4, "OSC.")  The Court warned Defendant that if she failed to show that the Court has subject-matter jurisdiction, the Court would remand this action to the Superior Court of California. (*Id.* at 3.)[2]  Defendant Aadhya Ali El timely responded on September 19, 2023. (ECF No. 5, "Resp.")  After

---

[1]　Defendant Aadhya Ali El, who was previously named Mavis Thompson, identifies as a Moorish American National. (*See* ECF No. 5 at 9–12.) Defendant Thompson will be referred to as Aadhya Ali El throughout this Order.

[2]　Throughout this Order, pin citations refer to the CM/ECF page numbers stamped at the top of each page.

1

careful consideration of Defendant's Response, Plaintiff Meadowbrook Housing Partners, LP's Complaint (ECF No. 1-2, "Compl."), and the relevant law, the Court *sua sponte* **REMANDS** this action to the Superior Court of California, County of San Diego.

## BACKGROUND

On June 28, 2023, Plaintiff filed an unlawful detainer action in the Superior Court of California, County of San Diego, seeking to evict Defendants Aadhya Ali El and Shakaijah Calvin from a property located in San Diego, California, and to collect past rent due and damages. (*See* Compl. at 1, 3–4.) On August 30, 2023, Defendant Aadhya Ali El filed a notice of removal, asserting this Court has federal-question jurisdiction because the case implicates constitutional concerns. (*See* ECF No. 1, "NOR"); *see* 28 U.S.C. § 1331.

Given the nature of this case as an unlawful detainer action grounded in state law, the Court ordered Plaintiff to show cause why this action should not be remanded to the Superior Court of California for lack of subject-matter jurisdiction, noting that a case may not be removed based on a federal defense. (*See generally* OSC.) Defendant Aadhya Ali El timely filed a Response to the Court's Order. (*See generally* Resp.)

## LEGAL STANDARD

As explained in the Court's Order to Show Cause, "this court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see* 28 U.S.C.§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citation omitted). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. *See* 28 U.S.C. § 1441(a).

/ / /

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal is proper when a case originally filed in state court presents a federal question, *see* 28 U.S.C. § 1331, or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists, *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988), and courts "strictly construe the removal statute against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## ANALYSIS

Defendant Aadhya Ali El asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because she is a Moorish American National and, as a result, Plaintiff is a foreign corporation. (*See* Resp. at 6.) She also asserts this Court has federal-question jurisdiction because Plaintiff's attempts to evict Defendants and recover past rent due violated her Fifth Amendment due process rights and certain rights to privacy under the Fourteenth Amendment. (*See id*. at 6–7.) Despite Defendant's assertions, the Court lacks both diversity and federal-question jurisdiction here.

As for diversity jurisdiction, Defendant Aadhya Ali El's identification as a Moorish American National says nothing about her state citizenship or Plaintiff's citizenship as discussed in 28 U.S.C. § 1332. And there is no evidence that the amount in controversy exceeds $75,000. Instead, Plaintiff seeks approximately $11,000 in alleged delinquent rent. (*See* Compl. at 18.) The Court thus lacks diversity jurisdiction over this action.

As for federal-question jurisdiction, no claims in Plaintiff's Complaint deal with a federal question. Instead, this unlawful detainer action is grounded in state law. *See Ralph Partners II, LLC v. Tate*, No. 18-CV-03030-LB, 2018 WL 3213974, at *1 (N.D. Cal. July 1, 2018) ("Unlawful-detainer claims do not arise under federal law."). In addition, a "case may not be removed to federal court on the basis of a federal defense." *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 393 (1987) (emphasis omitted).  To the extent Defendant Aadhya Ali El seeks to avoid eviction and paying past rent due based on alleged constitutional violations, her federal defenses do not provide this Court with federal-question jurisdiction. Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of San Diego.

## CONCLUSION

For the foregoing reasons, the Court *sua sponte* **REMANDS** this action to the Superior Court of California, County of San Diego, for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: September 22, 2023

_____
Honorable Todd W. Robinson
United States District Judge